IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY EARL HISSONG, SR.<br><br>Plaintiff,<br><br>vs.<br><br><br><br>KAWEAH DELTA HOSPITAL,<br>TULARE COUNTY, DEPARTMENT OF<br>CORRECTIONS,<br><br>Defendants.<br>_____/ | CASE NO. CV F 11-1397 LJO BAM<br><br>ORDER RECOMMENDING THAT<br>THE COMPLAINT BE DISMISSED WITH<br>LEAVE TO AMEND<br><br>DIRECTING CLERK TO PROVIDE PLAINTIFF<br>WITH HABEAS CORPUS PETITION<br><br>DENYING REQUESTS FOR APPOINTMENT<br>OF COUNSEL |

Plaintiff, Timothy Earl Hissong, Sr., ("Plaintiff") is a state prisoner who is currently proceeding pro se and in forma pauperis in a purported civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint on August 22, 2011. (Doc. 1.)

**A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

### B. Summary of Plaintiff's Complaint

Plaintiff complains that Kaweah Delta breached a confidential relationship by calling the police on August 2001. In subsequent motions filed in this case, he also claims he has been confined after he has been found innocent by the courts. (Doc. 1.) Plaintiff has asked to be released from prison and adjudged acquitted. (Doc. 14, 20, 21.) The focus of plaintiff's claims and motions is his request to be released from prison.

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) *quoting* Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusion are not. Iqbal. at 1949; *see also* Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009); Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 556-557. "[P]laintiffs [now]

face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

The Court will not guess as to which facts Plaintiff believes show any given constitutional violation(s). It is Plaintiff's duty to correlate his claims for relief with their alleged factual basis. If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.

**2. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

**3. Municipal Liability**

A local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Collins v. City of Harker Heights, 503 U.S. 115, 121 (1992); City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Fogel v. Collins, 531 F.3d 824, 834 (9th Cir. 2008). Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County

of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff's claim is not cognizable as he does not state detailed allegations as to the Kaweah Delta policy, custom, or practice which he feels was the moving force behind any constitutional violation. Plaintiff merely alleges that Kaweah Delta called the police. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. 1949 (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff may amend once as a matter of right before service of a responsive pleading by defendants. Fed. R. Civ. P. 15(a). Because Plaintiff has not previously amended his complaint and defendants have not filed a responsive pleading, Plaintiff may file an amended complaint. Plaintiff's complaint must state factual support for the policy, custom or practice violated by Kaweah Delta.

The focus of any potential claims against Tulare County and CDCR, as other persons named in plaintiff's various motions, are for habeas corpus relief.

**D.     Claim for Habeas Corpus**

Although Plaintiff's complaint alleges a breach of confidentiality by Kaweah Delta District Hospital, he has also filed several motions complaining that he has already served his sentence and is now being held beyond his release date. These claims are directed at Tulare County and CDCR.

4

Plaintiff further claims he is actually innocent of his commitment offense. A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Insofar as the contentions Petitioner's raises in his motions challenge the "legality or duration" of his confinement, Badea, 931 F.2d at 574, *quoting* Preiser, 411 U.S. at 485, and he seeks immediate release, those claims are not properly brought in the instant complaint; they must be raised in a separate petition for writ of habeas corpus. Therefore, the Court will recommend that the Clerk of Court provide Plaintiff with the appropriate forms for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is advised that if he seeks to challenge his current confinement or the underlying conviction, he must commence a new action by completing the form habeas petition and file it with the Court.

### E. Denial of Appointment of Counsel

In successive requests (Doc. 15, 19), plaintiff requests appointment of counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action (*Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to Title 28 of the United States Code section 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, however, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. (internal quotations & citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court

does not find that Plaintiff cannot adequately articulate his claims.

Further requests for appointment of counsel will be denied summarily.

Accordingly, IT IS HEREBY RECOMMENDED:

1) Plaintiff's Complaint is dismissed, with leave to amend;

2) Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File a first amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file a first amended complaint and wishes to proceed with a Habeas Corpus petition.

3) The Clerk of Court be DIRECTED to send Plaintiff blank forms for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

4) Plaintiff's Requests for Appointment of Counsel are DENIED. (Doc. 16, 19.)

5) If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 14, 2011**              /s/ **Barbara A. McAuliffe**
                                            UNITED STATES MAGISTRATE JUDGE