UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY EARL HISSONG, SR., ) | 1:11-CV-01397 LJO BAM HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING DISMISSAL OF SUCCESSIVE |
| v. ) | PETITION FOR WRIT OF HABEAS |
| ) | CORPUS PURSUANT TO |
| TULARE COUNTY , et al., ) | 28 U.S.C. § 2244(b) |
| ) | |
| Respondents. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 22, 2011, Petitioner filed a complaint in this Court alleging civil rights violations as well as habeas claims. Following a review of the complaint, on November 15, 2011, the undersigned issued Findings and Recommendations recommending the complaint be dismissed and further recommending Petitioner be granted leave to file an amended complaint. On December 28, 2011, District Judge Lawrence J. O'Neill adopted the Findings and Recommendations in full.

Petitioner filed a First Amended Complaint on November 29, 2011. He submitted a civil rights complaint form as well as a petition for writ of habeas corpus. However, the allegations in both forms related solely to his conviction and sentence. Therefore, the undersigned determined the case should proceed as a habeas action and directed the Clerk of Court to redesignate the matter as such.

The amended petition and complaint challenge Petitioner's 2001 conviction for rape. He

alleges the evidence was insufficient to convict, the investigating officers did not have search or arrest warrants for Petitioner when he was arrested, and his conviction constitutes double jeopardy. A review of the Court's dockets and files shows Petitioner has previously sought habeas relief with respect to this conviction in Hissong v. State of California, et al., Case No. 1:07-CV-01383 AWI SMS HC. In that case, the petition was denied on the merits.

## DISCUSSION

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction.

1  That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief
2  from that conviction under Section 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at
3  1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of
4  habeas corpus, he must file for leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).

**RECOMMENDATION**

6  Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus
7  be DISMISSED as successive.
8  This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,
9  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule
10 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.
11 Within thirty (30) days of the date of service of this Findings and Recommendation, Petitioner may
12 file written objections with the Court.  Such a document should be captioned "Objections to
13 Magistrate Judge's Findings and Recommendations."  The District Court will then review the
14 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to
15 file objections within the specified time may waive the right to appeal the District Court's order.
16 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17 IT IS SO ORDERED.

18 Dated:   **January 19, 2012**           /s/ **Barbara A. McAuliffe**
                                                  UNITED STATES MAGISTRATE JUDGE